LUTHER E. HALL, Judge pro tern.
Plaintiff-vendor brought this suit against defendant-vendee to recover the unpaid balance due vendor on the purchase price of a Recordio Tape Recorder together with interest and attorney’s fees stipulated in the written contract of sale. A writ of sequestration was issued in connection with the suit and the recorder was duly seized by the constable in the hands of Delta Visual Service, a repair shop, where the vendee had abandoned it unknown to vendor and without tender of its return by vendee to vendor.
Defendant filed an answer and recon-ventional demand in which he admitted the purchase contract but sought a rescission thereof and a return to him of his cash down payment of $25.00 on the ground that the tape recorder had been sold to him as a new machine when in fact it was a used machine and defective.
After trial on the merits judgment was rendered in favor of the defendant decreeing a rescission of the sale and a return of the cash down payment. Plaintiff has appealed.
No contention has been made in this Court that the machine was in any manner defective, and the record shows conclusively that it was not. Defendant-vendee’s sole contention is that he contracted for a new machine but received a used one, basing his defense and reconventional demand on LSA-C.C. art. 2529 which reads:
“Art. 2529. A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.”
The sole question presented here is whether or not the machine had been used prior to its delivery to plaintiff on January 30, 1960.
Defendant testified that the first time he used the recorder he could not control the volume on play-back — that the sound varied from low to high and “blared back”; that sometime later, not knowing what was wrong, he took it to Delta Visual Service, the Recordio factory repair service; that in the month of June he received a card from that company stating that the machine was ready; that instead of going to get it he telephoned Delta Visual Service and spoke to the mechanic, whose name he did not know, who had serviced the machine; that this mechanic told him that there was nothing wrong with the machine, that it had just needed cleaning; that he then concluded that since he had not used it sufficiently to get dirty it must have been a used machine when he purchased it.
Expert testimony adduced on behalf of defendant is to the effect that volume fluctuation on play-back is caused by a waxy powder which comes off the tape during use and collects on the “heads” and that after a period of use this fouling of the “heads” affects the volume of the play-back causing the fluctuation in sound and the “blare-back”.
The primary question is whether the machine was dirty from use when Larter bought it or whether it became dirty while in his possession. All that we have on this score is the testimony of Larter himself.
His testimony is very confusing throughout. All that he seemed to know with any *42 degree of certainty was that he observed the “blare-back” on the occasion of his first use of the recorder; and that in June he learned that this condition comes from use without cleaning.
Larter could not establish with any degree of certainty when he first used the machine. His testimony indicated that it was more than several days after his January 30th purchase and that it was perhaps two or three weeks before he found anything wrong with it, thus indicating that it remained in his home two or three weeks without ever having been used. He could not state when, or even approximately when he took the machine to Delta Visual Service — all that he knew was that it was sometime between January and June.
Apparently he did not take the machine to Delta Visual Service until after a telephone conversation he had with Werlein’s credit manager in April, some 60 days after his purchase. When he did take it to Delta he did it on his own initiative and apparently without any intention of returning it to Werlein’s and getting his money back.
There is no connection between plaintiff and Delta Visual Service.
The April telephone conversation was the last time Werlein’s heard from him. After his telephone call to the mechanic at Delta Visual Service, Larter simply abandoned the recorder in Delta’s hands without any complaint or notification to Werlein whatever. Larter testified “I was finished with the thing”. Despite several dunning letters from Werlein’s he said nothing and did nothing.
When Werlein attempted to seize the recorder at Larter’s home under its writ of sequestration, the constable was informed by Larter’s family that it was at Delta Visual Service and that is where the machine was seized.
A large part of the record is devoted to testimony by defendant’s experts to show how long a recorder has to be played before the play-back trouble appears. As we understand it this is subject to many variables, for instance, whether a cheap or an expensive tape is used. The trouble may appear after as little as one-half hour’s use, or may not appear until two hours use. At any rate Larter testified that he used the machine on only two occasions and then for only 10 or IS minutes at a time, although it was in his possession for 60 days before he sent it to Delta Visual Service.
Larter testified that he bought the machine for his family’s use, his family consisting of his wife and a 12 year old son. He further testified that he was away from home during the day and of course could not say that his family did not use it while he was gone. He did not think so, however, because his family never touches his belongings. No member of his family was called to testify.
On behalf of plaintiff it is shown that the machine was ordered from Schuler Supply Company, the Recordio distributor, which deals in new machines only; that Larter was anxious to get the machine and was present in plaintiff’s store when it was delivered by Schuler to plaintiff; that the machine was tested by plaintiff and delivered to Larter within the hour of its receipt, and Larter took it home with him. There is no question but what plaintiff delivered to Larter the same machine that Schuler delivered to it.
The burden was on Larter to prove his special defense and we do not think he has sustained this burden.
For the foregoing reasons the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Philip Werlein, Ltd., and against the defendant, Frank G. Larter, in the full sum of $213.52 together with interest thereon at the rate of 8% per annum from February 1, 1960 until paid, together with 20% attorney’s fees on the amount of the principal and interest due, with recognition and maintenance of plaintiff’s vendor’s *43 lien and privilege on the Recordio Tape Recorder, Serial No. 3820 and maintaining the writ of sequestration issued in this matter.
It is further ordered, adjudged and decreed that defendant’s reconventional demand be and the same is hereby dismissed; defendant to pay all costs of the proceedings in both courts.
Judgment reversed and rendered.